[Argued March 12; decided December 7, 1896.]
## FOREST GROVE DOOR CO. *v.* McPHERSON.
### (46 Pàc. 884.)

From Washington: THOMAS A. McBRIDE, Judge.

This is a suit to foreclose a mechanic's lien. The
facts are that the Forest Grove Door and Lumbering
Company, a corporation, having furnished to the de-
fendant Donald McPherson lumber and building ma-
terial to be used in the construction of certain build-
ings, situate upon a tract of land in Washington
County, filed on November 24, 1893, a claim of lien

thereon in the office of the county clerk of said county, containing a statement of its demand, to secure the payment of $369.64, and on the next day commenced this suit to foreclose the same. Issue having been joined, a trial was had at which the court, having found that there was due the plaintiff $341.50, gave a decree foreclosing the lien for that amount, from which the defendants appeal.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Thomas H. Tongue.*

For respondent there was a brief and an oral argument by *Mr. S. B. Huston.*

PER CURIAM.   The building on which the lien is claimed was finished and occupied more than forty days before October 24, so that the case turns on the question when the last material listed in plaintiff's account was furnished by the mill company, the lien having been filed November 24.   It is contended by counsel for the defendants that the claim was not filed within the time prescribed by law, in consequence whereof no lien ever attached to the property sought to be charged therewith.   The decision of this question depends upon whether the material was furnished on the twenty-fourth day of October, 1893, or the day after.   The defendants claim that they received it on the former date, while the plaintiff insists that it was not delivered until the next day.   Albert W. Mills testifies that in October of that year he

worked for the plaintiff at its Buxton mill and deliv-
ered the lumber to the defendants, and, referring to
the date, says: " My recollection is it was on the
25th; the reason for that, we were working at the
dam, and I was in charge of the yard that day." This
witness also says that McPherson made out a bill of
the lumber so obtained on a piece of board, which
was delivered to John L. Banks, the manager of the
mill. The latter testifies that the lumber was ob-
tained about October 25, although he was not present
when it was delivered; and, again referring to the
date, he says: " That was, I think, on the twenty-fifth
day of October." The office of the plaintiff is located
at Forest Grove, where its books are kept; and its
journal, being offered in evidence, shows that on Oc-
tober 29 the plaintiff furnished the defendants mer-
chandise valued at $1.70. On the next line below
this entry appears the following: " Oct. 25. To mdse.
$2.12." This relates to the lumber in question, but
the entry, having been made after the 29th of that
month, shows that the report of the sale had not
reac..ed the office on that date, and hence not much
importance can be attached to the date of the sale of
the lumber as evidenced by the entry in the journal.
McPherson testifies that the lumber was obtained
October 24, and that he remembers the date because
on the next day he paid a bill of $10, and took a
receipt therefor which is dated October 25. The
receipt, however, is not in evidence. Charles Smith
testifies that he hauled the lumber in question from
the mill on October 24. In fixing the date of the
delivery of the lumber, neither of the witnesses for

plaintiff is positive that it was on the twenty-fifth of October, while McPherson and Smith each say that it was on the day before. We therefore find that the material was delivered on October 24, 1893, and the claim, not having been filed until the 24th of the next month, was not filed within the time prescribed by law, and as a consequence the lien had expired at the time of filing the claim. The decree will therefore be reversed and the complaint dismissed.

Reversed.